## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. 8:18-cr-00157-TDC |
| | * | |
| LEE ELBAZ, | * | UNDER SEAL |
| | * | |
| | * | *EX PARTE* |
| | * | |
| | * | |
| | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE AND REQUEST FOR EX PARTE CONFERENCE

Attorneys Alex Spiro, John Chun, and the law firm of Quinn, Emanuel, Urquhart & Sullivan LLP ("Quinn Emanuel") (collectively, the "Quinn Attorneys"), present counsel for Defendant, Lee Elbaz, respectfully request that this Court continue trial in this matter, as well as related deadlines, in order to safeguard the interests of Ms. Elbaz and ensure that her attorneys— be it the Quinn Attorneys or replacement counsel—have adequate time to prepare Ms. Elbaz's defense.  We also respectfully request an *ex parte* conference to discuss these issues.

## BACKGROUND & ARGUMENT

As the Court knows, Quinn Emanuel entered their appearance earlier this year to represent Ms. Elbaz.  ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████

1

Case 8:18-cr-00157-TDC Document 152-1 Filed 03/25/19 Page 2 of 7

2

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████  ████████████████████████

██████████████████████████████████████████████████████████

██████  ██████████████████████████████████████████████████

████████████████████████████████  ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Indeed in recent weeks (and as discussed below), the Government has disclosed that there has been an inadvertent disclosure of thousands of privileged materials to the prosecution team which defense counsel has not yet been able to analyze; the Government has also continued to make large, belated productions of documents that defense counsel has not yet been unable to review. ████████████████████████████████████████████████

████████████████████████████████████████████████  ████████████████████

█████████████████████████████████████████████

During a call with the Court on December 12, 2018, the Court, Ms. Elbaz, and the Quinn Attorneys discussed the motion to withdraw. The Court told Ms. Elbaz that, if she desired, the Court could order the Quinn Attorneys to remain involved in this case. In response, Ms. Elbaz made plain that she no longer wanted to be represented by the Quinn Attorneys, and that she was working to retain substitute counsel – Barry Pollack, Esq., who had represented her earlier in the matter.



Accordingly, the Quinn Attorneys respectfully request that this Court exercise its discretion to continue the trial in this matter,[1] as well as related deadlines (including motion *in limine*, jury instruction, verdict form, and voir dire deadline), in order to assure that Ms. Elbaz's counsel ███████████████████████████████████████ ██████████████████ has adequate time to prepare her case and safeguard her interests. Such continued dates would be set in consultation with the Court, the government and the relevant defense counsel.

---

[1] The Fourth Circuit has recognized that "a trial court possesses broad discretion on matters of scheduling and, more specifically, on matters relating to granting or denying continuances." *United States v. Robinson*, 390 F.3d 833, 836-37 (4th Cir. 2004) (citations omitted). Circumstances that may be relevant to a court in making this determination are identified in *United States v. Medford*, 2008 WL 564711, at *1 (W.D.N.C. Feb. 29, 2008) (citing 17 Am.Jur.2d Continuances § 53 (2008))

Such additional time is necessary and appropriate regardless of who ultimately represents Ms. Elbaz moving forward. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████ If, on the other hand, Barry Pollack appears, or another attorney is appointed or retained, that counsel will need time to learn the case, which involves millions of documents in discovery, as well as complex underlying law and facts. ██████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████ ███████████████████ ███████

███████████████████████████████████████████████████████

███████████████████████████████████

In addition, a continuance is further justified based on ongoing discovery issues in this case:

*First*: On December 6, 2018, David Stier (the lead attorney for the government's "filter team") disclosed to the Quinn Attorneys that a massive amount of privileged information seized by the Government during this investigation was inadvertently disclosed to both the prosecution team and Ms. Eblaz ██████████████████████████████████████ ██████████████. The Government has apparently identified approximately 10,000 privileged documents that were inadvertently disclosed in this manner. ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

4

████████████████████████████████████████████████████

████████████████████████████████████████

*Second*: It does not appear the government has completed discovery. In a December 10, 2018 letter, Mr. Stier disclosed that additional productions of documents would be forthcoming from the filter team to the Quinn Attorneys. This late production continues a pattern of delayed discovery in this case. Consider that, during the May 18, 2018 scheduling conference in this case, the Government told the Court that it anticipated completing its production in July. Since July, however, the Government has made no less than seven more document productions, totaling over a million pages, the latest of which was received on November 30, 2018. This delayed discovery has hampered the Quinn Attorney's ability to prepare this case, ████████████

████████████████████████████████████████████████████

████████ .

*Third*: Discovery in this case now stands at over 3.6 million pages of documents. Many, if not most, of these documents are in Hebrew. Loading, hosting and then attempting to review these documents, with limited guidance from the Government of what is relevant and what is not, has been an enormously expensive and time-consuming undertaking. The massive expenses such review has incurred have been compounded by the fact that nothing in this case is local – defense counsel is in NY, Ms. Elbaz is in San Francisco and most if not all of the witnesses and key events in this case are located in Israel. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

In view of the foregoing, and in order not to unduly prejudice Ms. Elbaz's interests in this case, this Court should grant the Motion to Continue.

Date:  December 14, 2018                    Respectfully submitted,

_____
Alex Spiro
John Chun
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Counsel for Defendant Lee Elbaz*

Case 8:18-cr-00157-TDC Document 152-1 Filed 03/25/19 Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will notify counsel for the government of the filing.

_____

John Chun